IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARTHUR J. CHAMBERS § | |
| Plaintiff § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:10-cv-2775 |
| § | |
| EMERITUS CORPORATION § | |
| Defendant § | JURY DEMANDED |

## PLAINTIFF'S MOTION FOR REMAND

The plaintiff, Arthur J. Chambers ("Chambers"), respectfully moves this Honorable Court to remand this case to the 151st Judicial District Court of Harris County, Texas from which it was improvidently removed and respectfully shows the following:

## I. STATEMENT OF PROCEEDINGS

1. This is a civil case, involving allegations of unlawful employment discrimination under the Texas Commission on Human Rights Act. Prior to its removal, this case had been pending in state court since October 1, 2009.

2. On August 4, 2010, the defendant, Emeritus Corporation ("Emeritus"), removed this case from state court.

## II. BACKGROUND OF CASE

3. In his state court petition, Chambers specifically limited his claim for damages to *"...an amount not exceeding $74,500.00."* (See Plaintiff's First Amended Original Petition, p. 4). Also, in his initial pleading, Chambers explicitedly limited his claim for damages to an amount *"...not exceeding $74,500.00."* (See Plaintiff's Original Petition With Discovery).

4. On July 8, 2010, Chambers was deposed by Emeritus' lawyer. During that deposition, the following exchange occurred:

1

Q.  Okay. What amount of are you seeking in this lawsuit?

A.  **I have no idea. I do know that the six figures that I asked for is more than sufficient because of what all I've had – to not only endure, but try to find new jobs, and what I was put through for no reason, and just - - I mean, I feel as though I was treated very badly.**

Q.  And when you say –

A.  **And unconscionable because you don't just fire somebody that's been doing such a great job.**

Q.  And you say the "six figures" that you asked for?

A.  **Yeah.**

Q.  What was that?

A.  **I asked for $100,000.00.**

Q.  When was that?

A.  **When you laughed at me and said you weren't giving it to me.**

Q.  You're talking about the EEOC meeting?

A.  **Yes.**

(See Deposition Transcript of Arthur Chambers, pp.126-127; Exhibit "A" to this Motion For Remand).

5.  According to Emeritus, the above deposition testimony serves as the basis for its removal petition. (See Defendant's Notice of Removal, p. 2, ¶ III). With this backdrop in mind, Chambers directs this Court to the following argument and authorities in support of this motion for remand.

### III. ARGUMENT AND AUTHORITIES

4.  To survive a motion for remand, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia*

2

*v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc,* 171 F.3d 295, 298 (5th Cir. 1999)). "The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Id.* at 882-83 (citing *Luckett,* 171 F.3d at 298 (additional cites omitted)). Such facts should be set forth either in the removal petition (the preferred method), or by subsequent affidavit. *See Grant v. Chevron Phillips Chem. Co.,* 309 F.3d. 864, 868 (5th Cir. 2002). A plaintiff defeats diversity jurisdiction by showing to a "legal certainty" that the amount in controversy does not exceed $75,000. *Id.* at 869 (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586 (1938)). Moreover, a plaintiff can establish such "legal certainty" by submitting a "binding stipulation or affidavit" stating that he affirmatively seeks less than the jurisdictional threshold, and further stating that he will not accept an award that exceeds that threshold. *See De Aguilar,* 47 F. 3d at 1412 (quoting *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir 1992)(per curiam)).

### IV. AMOUNT IN CONTROVERSY DOES NOT MEET THRESHOLD

6. In the instant case, Emeritus claims that according to his deposition testimony, "[Chambers] is seeking "six figures"." (See Defendant's Notice of Removal, p. 2, ¶ III). Emeritus' tortured interpretation of Chambers' deposition testimony is shamefully wrong. As is patently clear from the actual questions and answers from his deposition, Chambers **was** seeking "six figures" at an EEOC meeting between himself and Emeritus' counsel, not in the present lawsuit. (See Chambers Deposition Transcript, pp. 126-126; Exhibit "A"). The operative word is "was". The operative time when

3

Chambers sought "six figures' was at the EEOC pre-suit mediation. No reasonable interpretation of Chambers' deposition testimony could conclude that Chambers is seeking "six figures" in this present litigation.

7. Another piece of evidence that supports the fact that the amount in controversy in this case is less than $75,000. is Chambers' deposition testimony that he has "no idea" of what amount of money he seeks from this lawsuit. (See Chambers Deposition Transcript, p. 126; Exhibit "A"). Moreover, Chambers has executed an affidavit stipulating that he affirmatively seeks no more than $74,500.00 in this case. (See Chambers' Stipulation; Exhibit "B"). Chambers' stipulation is consistent with the amount of damages pled for in his state court petition. (See Plaintiff's First Amended Original Petition, p. 4). Because Chambers has established with legal certainty that the amount in controversy does not exceed $75,000.00, this Court is compelled to remand this case to state court.

## V RELIEF REQUESTED

8. Chambers requests that this Court enter an order remanding this case to the 151st Judicial District Court of Harris County, Texas, and that he be granted such other relief at law and equity as this Court deems just and proper.

Respectfully submitted,

THE WILKINS LAW FIRM, P.C.

Ralphaell V. Wilkins
Attorney-In-Charge
SBN: 21487600
4606 San Jacinto Street
Houston, Texas 77004
(713)660-9200 Telephone
(713) 660-0559 Telecopier

4

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7.1D(1)(2), the undersigned counsel has conferred with counsel for the defendant, Rachel D. Ziolkowski, Esq., by email exchange on August 26, 2010, regarding the filing of this motion for remand, and she is opposed to the filing of the same.

Ralphaell V. Wilkins

## CERTIFICATE OF SERVICE

On this 30th day of August 2010, a true and correct copy of this Motion For Remand was served via the U.S. District Court Southern District of Texas' electronic transmission services, if available, or otherwise by U.S. First Class Mail, this 30th day of August 2010 upon counsel of record for Emeritus Corporation, William L. Davis, Esq., Jackson Lewis, L.P., 3811 Turtle Creek Blvd., Suite 500, Dallas, Texas 75219..

Ralphaell V. Wilkins

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARTHUR J. CHAMBERS<br>Plaintiff | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 4:10-cv-2775<br>§ |
| EMERITUS CORPORATION<br>Defendant | §<br>§ JURY DEMANDED |

### AFFIDAVIT OF RALPHAELL V. WILKINS

BEFORE ME, the undersigned authority, on this date personally appeared Ralphaell V. Wilkins, who upon oath did dispose and state as follows.

"My name is Ralphaell V. Wilkins. I am over eighteen (18) years of age and I am competent to make this affidavit. All of the matters attested to herein are based on my personal knowledge and are true and correct. My personal knowledge is gained from the fact that I am legal counsel and the attorney of record for the plaintiff in the above styled action, Arthur J. Chambers.

Attached hereto as Exhibit "A" is a true and correct copy of an excerpt from the oral deposition transcript of Arthur J. Chambers. Said deposition was taken before a qualified court reporter on July 8, 2010, at my law office. Page 126 through page 127 of Exhibit "A" are accurate, true and correct renditions of the questions and answers provided by Mr. Chambers at his deposition."

_____
Ralphaell V. Wilkins

SWORN AND SUBSCRIBED BEFORE ME on this 30th day of August, 2010.

_____
Notary Public of Texas

1

[SEAL]



Julia A. Maldonado
Print Name

02-22-2011
Commission Expires

2

## Page 1

CAUSE NO. 2009-63166

ARTHUR J. CHAMBERS,        )   IN THE DISTRICT COURT
         Plaintiff,        )
                           )
V.                         )   OF HARRIS COUNTY, TEXAS
                           )
EMERITUS CORPORATION,      )
         Defendant.        )   151ST JUDICIAL DISTRICT

*********************************************************
                    ORAL DEPOSITION OF
                    ARTHUR J. CHAMBERS
                      JULY 8, 2010
*********************************************************

    ORAL DEPOSITION of ARTHUR J. CHAMBERS, produced as a witness at the instance of DEFENDANT, and duly sworn, was taken in the above-styled and numbered cause on JULY 8, 2010, from 10:20 a.m. to 1:38 p.m., before Stephanie M. Harper, RPR, CSR in and for the State of Texas, recorded by machine shorthand, at the offices of THE WILKINS LAW FIRM, 4606 San Jacinto Street, Houston, Texas, pursuant to the Texas Rules of Civil Procedure and the provisions stated on the record or attached hereto; that the deposition shall be read and signed before any notary public.
                    JOB NO. 94061

## Page 2

         A P P E A R A N C E S

FOR PLAINTIFF:

  MR. HOOTIE WILKINS
  THE WILKINS LAW FIRM
  4606 San Jacinto Street
  Houston, Texas 77004


FOR DEFENDANT:

  MS. RACHEL D. ZIOLKOWSKI
  JACKSON LEWIS LLP
  3811 Turtle Creek Boulevard, Suite 500
  Dallas, Texas 75219


ALSO PRESENT:
  MR. LES STEVENS

## Page 3

                        INDEX
                 ORAL DEPOSITION OF
                  ARTHUR J. CHAMBERS
                     JULY 8, 2010

Examination                                    Page

BY MS. ZIOLKOWSKI                               5


WITNESS CORRECTIONS AND SIGNATURE              143
REPORTER'S CERTIFICATION                       144

## Page 4

                    EXHIBIT INDEX
                 ORAL DEPOSITION OF
                  ARTHUR J. CHAMBERS
                     JULY 8, 2010

Exhibit      Description                       Page

CHAMBERS 1   Application for                    24
             Employment
CHAMBERS 2   Acknowledgement and                26
             Receipt of 2005
             Employee Handbook
CHAMBERS 3   Job Confirmation                   27
             Document
CHAMBERS 4   Job Description                    41
CHAMBERS 5   Hotline Report Comments           113
CHAMBERS 6   Charge of                         123
             Discrimination

DEPOSITION OF ARTHUR CHAMBERS - 7/8/2010

32 (Pages 125 to 128)

125

1  their raises.
2           Everyone in our department was having a
3  problem with him going in and giving us our raises.
4  Everyone of color in our department was having the same
5  problem. They wasn't getting their raises for three or
6  four months after the fact, and then it would only be
7  because of what he said.
8       Q. I'm sorry, I don't understand that.
9       A. What he said on your evaluation. That was his
10 way of -- like I said, once again his way of
11 retaliating.
12      Q. Are you saying that white employees that
13 worked in the kitchen got raises and the black
14 employees didn't?
15      A. I don't know that. I never -- all I know is
16 that those of us that was waiting on raises and knew we
17 had raises coming was not getting raises at the
18 adequate time in which they should. It was taking
19 months afterwards, and us having to actually go to
20 Allison off and on, and say, "I haven't gotten my
21 raise. I haven't gotten my evaluation."
22      Q. Anything else that makes you believe that
23 Emeritus has a deeply entrenched and long history of
24 basing its hiring, promotional, and termination
25 decisions on a person's race?

126

1       A. No, just some of the things I've probably read
2  and picked up on the Internet.
3       Q. Okay. Now, you say you were more qualified
4  than Robin to do his job?
5       A. Yes.
6       Q. Now, Robin was already in his job at the time
7  you got hired?
8       A. Um-hmm.
9       Q. Is that a "yes"?
10      A. Yes. I'm sorry.
11      Q. So is it your position that Emeritus should
12 have demoted Robin and promoted you?
13      A. No. What -- what was actually going to happen
14 was that Sandy was actually going to let him go and put
15 me in his position because I was more qualified to do
16 it, and that she knew he was having problems with
17 drugs. But she couldn't prove it.
18      Q. And how do you know this?
19      A. Because her and I talked about it.
20      Q. Okay. What amount of money are you seeking in
21 this lawsuit?
22      A. I have no idea. I do know that the six
23 figures that I asked for is more than sufficient
24 because of what all I've had -- to not only endure, but
25 try to find new jobs, and what I was put through for no

127

1  reason, and just -- just -- I mean, I feel as though I
2  was treated very badly.
3       Q. And when you say --
4       A. And unconscionable because you don't just fire
5  somebody that's been doing such a great job.
6       Q. And you say the "six figures" that you asked
7  for?
8       A. Yeah.
9       Q. What was that?
10      A. I asked for $100,000.
11      Q. When was that?
12      A. When you laughed at me and said you weren't
13 giving it to me.
14      Q. You're talking about the EEOC meeting?
15      A. Yes.
16      Q. Do you claim you suffered any mental distress
17 as a result of your treatment at Emeritus?
18      A. Yes.
19      Q. How has that manifested itself?
20      A. With having my itching problem come back, and
21 I'm back on the medication again.
22      Q. What itching problem?
23      A. I have an itching problem when my nerves get
24 so bad or things are upsetting me so much that I have
25 to start taking this medication.

128

1       Q. What medication?
2       A. It's a narcotic. It's called Hydroxyl [sic].
3       Q. And are you seeing a doctor for that?
4       A. Yes, I am, Dr. Ermac.
5       Q. Has -- and when did you first start seeing
6  Dr. Ermac for this itching problem?
7       A. The itching problem started -- started years
8  ago.
9       Q. Okay. When was the last time you saw Dr.
10 Ermac for it?
11      A. I see Dr. Ermac four times a year.
12      Q. Specifically for the itching problem?
13      A. Just in general, and this is part of the
14 generality.
15      Q. Okay. So this itching problem, is it
16 psoriasis, eczema?
17      A. No, it's -- it's when my nerves is -- when I'm
18 upset and my nerves is bad and I just can't -- I can't
19 get myself calm enough to -- for my chemistry to stop,
20 so my body gives off a -- some type off itching, so I
21 start itching with welts and everything.
22      Q. Do you get hives?
23      A. No, I don't get hives; I get welts from
24 scratching too hard.
25      Q. And when was the last time you had an itching

145

1  taken, the following includes counsel for all parties
2  of record:
3      MR. HOOTIE WILKINS,
          ATTORNEY FOR PLAINTIFF.
4      MS. RACHEL D. ZIOLKOWSKI,
          ATTORNEY FOR DEFENDANT.
5
6      I further certify that I am neither counsel for,
7  related to, nor employed by any of the parties or
8  attorneys in the action in which this proceeding was
9  taken, and further that I am not financially or
10 otherwise interested in the outcome of the action.
11     Further certification requirements pursuant to Rule
12 203 of TRCP will be certified to after they have
13 occurred.
14     Certified to by me this _____ of JULY, 2010.
15
16
17
18
19     _____
       STEPHANIE M. HARPER
20     TEXAS CSR NO. 7433
       Expiration Date: 12-31-10
21     NOTARY PUBLIC IN AND FOR THE
       STATE OF TEXAS
22     My Commission Expires: 1-08-2012
23
24
25

146

1      FURTHER CERTIFICATION UNDER RULE 203 TRCP
2      The original deposition was _____ was not _____
   returned to U.S. Legal Support, Inc., on _____,
3  2010.
4      If returned, the attached Corrections and Signature
   page contains any changes and the reasons therefor;
5
       If returned, the original deposition was delivered
6  to MS. RACHEL D. ZIOLKOWSKI, Custodial Attorney;
7      That $_____ is the deposition officer's charges
   to the Attorney for Defendant, MS. RACHEL D.
8  ZIOLKOWSKI, Texas Bar No. 24003234, for preparing the
   original deposition transcript and any copies of
9  exhibits;
10     That the deposition was delivered in accordance
   with Rule 203.3, and that a copy of this certificate
11 was served on all parties shown herein on _____ and
   filed with the Clerk.
12
       Certified to by me this _____ day of _____,
13 2010.
14
15     _____
       STEPHANIE M. HARPER
16     TEXAS CSR NO. 7433
       Expiration Date: 12-31-10
17     NOTARY PUBLIC IN AND FOR THE
       STATE OF TEXAS
18     My Commission Expires: 1-08-2012
19
20 U.S. Legal Support, Inc.
   Firm Registration No. 122
21 363 North Sam Houston Parkway East,
   Suite 900
22 Houston, Texas 77060
   (713) 653-7100
23
24
25 JOB NO. 94061

# EXHIBIT "B"

To: THE WILKINS LAW FRIM,P.C.

To: The United States District Court for the Southern District of Texas Houston Division

I will not be seeking any Judgment that exceeds more than $74,500 from Emeritus Corporation in relation to Civil Action No.4:10-cv-2775.

August 24, 2010

Arthur J. Chambers

*Arthur J. Chambers* (signature)

ON THIS 24TH DAY OF AUGUST 2010, APPEARED IN PERSON ARTHUR CHAMBERS, WHOSE SIGNATURE APPEARS ABOVE.

*Raphaell Wilk* (signature)

NOTARY PUBLIC FOR STATE OF TEXAS



RALPHAELL WILKINS
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES 07-09-2011

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARTHUR J. CHAMBERS<br>Plaintiff | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 4:10-cv-2775<br>§ |
| EMERITUS CORPORATION<br>Defendant | §<br>§<br>§ JURY DEMANDED |

## ORDER GRANTING REMAND

On this ___ day of September, 2010, the Court considered the Motion For Remand filed by the plaintiff, Arthur J. Chambers. After due consideration of said motion, the argument and authorities cited therein, the response filed by the defendant, Emeritus Corporation, the Court Grants the Motion For Remand and Orders that this case be and is HEREBY REMANDED back to the 151st Judicial District Court of Harris County, Texas.

SIGNED this ___ day of September 2010.

_____
JUDGE PRESIDING

6